# ELLIS, COLEMAN
# POIRIER, LA VOIE & STEINHEIMER, LLP

555 UNIVERSITY AVENUE, SUITE 200 EAST
SACRAMENTO, CA 95825
TEL: (916) 283-8820  FAX: (916) 283-8821
e-mail:  jcoleman@ecplslaw.com

January 10, 2008

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:   *LAW v. HARVEY, ET AL.*
              U.S. District Court
              Northern District of California
              Case No. C 07-0134 WHA

Dear Magistrate Spero:

      On November 19, 2007, you assisted the parties in reaching a settlement in this case, which was documented by a memorandum of understanding, signed by all parties. I have not included a copy of the memorandum of understanding because it was confidential, but am willing to submit one under seal if you so desire.

      Defendants were to draft settlement documents. Now, over 45 days later, the parties do not appear to be any closer to resolving this case. Defendants have not provided even an initial draft set of the settlement documents to plaintiff's counsel. Furthermore, defense counsel refuses to communicate with plaintiff's counsel. The only information I have received is that an initial draft set of settlement documents was circulated to all defendants on or about December 9th and that one of the defendants provided comments thereto on December 12th. That counsel has not heard anything as of December 27th. I have attached the two emails which I have received which contain any information about the status of the settlement documents.

      At this point, I am at a loss. I represented to defendants' counsel that I would contact you if I did not receive a status report by December 27th on the preparation of the settlement documents and a deadline by which I would receive a draft copy. To date, almost two weeks later, I have still not received any substantive response to my request. The only responses I have received were disagreements with my representation that the parties understood that the settlement would be finalized in 2007. Notably, my understanding was based in part on the defendants' representations to the Court in a November 21st letter that the parties would have a completed settlement agreement by approximately December 15th.

Magistrate Judge Joseph C. Spero
**LAW v. HARVEY, ET AL.**
January 10, 2008
Page 2


      As I mentioned, I am at a loss.  Plaintiff requests your assistance with this issue. Alternatively, if this issue is not resolved in one week, Plaintiff believes his only option is to file a motion to enforce the settlement.  Rather than spend more money on fees, we hope that any assistance you could provide would be greatly appreciated.

                                  Very truly yours,

                                  June D. Coleman

JDC/
Enclosures:   December 9, 2007 e-mail; and December 12, 2007 e-mail
cc:     Brian R. Blackman w/enclosures
        P. Craig Cardon w/enclosures
        Annette L. Hurst w/enclosures
        Lawrence J. Rose w/enclosures

## June Coleman

**From:** Craig Cardon [CCardon@sheppardmullin.com]
**Sent:** Tuesday, December 11, 2007 4:33 PM
**To:** Kim Lewellen; Lawrence Rose; Slaughter, Daniel K.; Hurst, Annette L.; Simon, David J.; Brian Blackman; Terry Gross
**Cc:** Mark Ellis; June Coleman; Rosanne Estrella; Nichole Pruitt; Jennifer Mueller
**Subject:** RE: Law v. Harvey

Dear Ms. Lewellen,
Documents have been distributed among defendants counsel. I do not have comments back and am not authorized to send without the approval of the other parties.
Best regards,
Craig

---

**From:** Kim Lewellen [mailto:KLewellen@ecplslaw.com]
**Sent:** Tuesday, December 11, 2007 4:26 PM
**To:** Lawrence Rose; Slaughter, Daniel K.; Hurst, Annette L.; Simon, David J.; Craig Cardon; Brian Blackman; Terry Gross
**Cc:** Mark Ellis; June Coleman; Rosanne Estrella; Nichole Pruitt; Jennifer Mueller
**Subject:** Law v. Harvey
**Importance:** High

Dear Mr. Cardon:

Approximately three weeks have passed since the parties settled this matter; however you have yet to provide a draft of the settlement agreement as promised. Please provide an explanation for the delay and when we can expect to receive the agreement.

Thank you,

KIMBERLY E. LEWELLEN
ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER LLP
555 UNIVERSITY AVE., SUITE 200 EAST
SACRAMENTO, CA 95825
TEL.: (916) 283-8820
FAX: (916) 283-8821

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Sheppard, Mullin, Richter & Hampton LLP**

## June Coleman

**From:** Lawrence Rose [lawrencej.rose@gmail.com]
**Sent:** Tuesday, December 18, 2007 6:54 PM
**To:** June Coleman
**Cc:** Craig Cardon; Hurst, Annette L.; Terry Gross; Mark Ellis
**Subject:** Law v. Harvey Settlement

June -- I got your telephone message from the this afternoon regarding the status of the paperwork in this matter.

According to my file, the settlement conference in this case was held on November 19. A draft of settlement documents was circulated by Sheppard Mullen to the other defense counsel three weeks later, on December 9; I have no information about that time span, but the package included several documents relating to the intellectual property at issue and the dissolution of Paper Man, so the package was somewhat more complicated than a simple release.

Following an exchange of e-mail over the next three days, on December 12, I sent defense counsel an e-mail, stating my assent to the forms of the corporate and I.P. documents, and explaining my view that the draft Settlement Agreement varied the terms of the parties' Memorandum of Understanding in certain ways. In that e-mail, I circulated an alternative draft of the Settlement Agreement with my proposal shown in red-line. I believed that my changes were straightforward and minor, but, since that time, I have heard nothing back from the other defense counsel.

I do note that the M.O.U. did not contain any particular timeline for the completion of the settlement, and certainly did not contain a provision requiring that the settlement be funded by December 31. Although I remain hopeful that this matter can be completed promptly, I certainly cannot speak to BRC's cash flow.

I hope this note helps.

Larry Rose

--
Lawrence J. Rose
A T T O R N E Y
San Francisco, CA
415.350.0403

This e-mail transmission, including attachments, is intended for use only by the addressee(s) named herein and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender immediately by reply e-mail or telephone and destroy the original and all copies of this message. Under the CAN-SPAM Act, this communication may be considered an advertisement or solicitation. If you do not wish to receive communications through this medium, please so advise the sender immediately.